IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Wayne L. Stutts & | ) | B-11-1728 |
| Joyce A. Stutts, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |

**AMERICAN NATIONAL BANK AND TRUST COMPANY'S
MOTION FOR RELIEF FROM STAY AND
ALTERNATIVE MOTION FOR ADEQUATE PROTECTION**

American National Bank and Trust Company, by and through counsel, pursuant to Bankruptcy Code §362, moves for relief from the automatic stay with respect to certain real property and respectfully shows the Court the following:

1. Wayne L. Stutts and Joyce A. Stutts (the "Debtors") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code on November 11, 2011 (the "Petition Date"), in the United States Bankruptcy Court for the Middle District of North Carolina.

2. American National Bank and Trust Company ("American National") is a secured creditor in this case as the successor by merger to MidCarolina Bank ("MidCarolina"). A copy of the Articles of Merger filed with the North Carolina Secretary of State is attached hereto as **Exhibit A**.

3. On August 6, 2008, the Debtors and MidCarolina entered into a promissory note in the original principal amount of $306,000 (the "Note"). The Debtors agreed to make payments to MidCarolina on a monthly basis with interest at the rate of 6.5%. A final payment would be due on August 10, 2013. The loan proceeds were used to refinance prior obligations. A copy of the Note is attached hereto as **Exhibit B**.

4. The Debtors executed a deed of trust in favor of MidCarolina on August 6, 2008, securing the Note ("Deed of Trust"). A copy of the Deed of Trust is attached hereto as **Exhibit C**. The Deed of Trust was recorded in the Guilford County registry at Book 6923, Page 1085 on August 7, 2008, perfecting MidCarolina's security interest in the following parcels of real property in Greensboro, North Carolina:

      a.  House and lot at 1310 Mayfair Avenue;

      b.  House and lot at 1312 Mayfair Avenue;

      c.  House and lot at 1423 Washington Street;

      d.  Lot at 3544 Vernon Drive;

      e.  Lot at 4694 Crossbend Road;

      f.  Lot at 4696 Crossbend Road;

      g.  Lot at 4700 Crossbend Road;

      h.  Lot at 4702 Crossbend Road;

      i.  Lot at 4706 Crossbend Road;

      j.  Lot at 4710 Crossbend Road;

      k.  Lot at 3544 Rear Vernon Drive;

      l.  Lot at 4694 Rear Crossbend Road;

      m.  Lot at 4696 Rear Crossbend Road;

      n.  Lot at 4700 Rear Crossbend Road.

Collectively, the parcels of real property will be referred to as the "Real Property."

5. Pursuant to the plan of merger between MidCarolina and American National, American National is the successor in interest to the Note and Deed of Trust. American

2

National, therefore, is the proper party in interest with respect to collecting the obligations described herein.

      6. The Debtors have defaulted in payments under the Note. The Debtors have not made any payments on the note since October 31, 2011. A balance of $295,005.00, plus interest and attorneys fees as allowed by law, is owed under the Note. A copy of the payment history for the Note is attached as **Exhibit D**.

      7. There is no or insignificant equity in the Real Property for the Debtors or the estate. In their proposed Chapter 11 Plan, the Debtors state that the combined value of the Real Property and a vehicle in which American National holds a security interest is $473,822.00. However, American National disagrees with this value.

      8. American National recently obtained appraisals for the following parcels in the following amounts:

| Asset | Plan Value | 2012 Appraisal |
|---|---|---|
| 1310 Mayfair | $ 78,800.00 | $ 53,000.00 |
| 1312 Mayfair | $ 78,200.00 | $ 53,000.00 |
| 1423 Washington | $ 89,700.00 | $ 52,000.00 |
| 3544 Vernon | $ 27,000.00 | $ 19,000.00 |
| 4694 Crossbend | $ 27,000.00 | $ 19,000.00 |
| 4696 Crossbend | $ 27,000.00 | $ 19,000.00 |
| 4700 Crossbend | $ 28,800.00 | $ 28,000.00 |
| 4710 Crossbend | $ 30,000.00 | $ 19,000.00 |
| 4702 Crossbend | $ 29,700.00 | $ 22,000.00 |

9. The values in these appraisals are, on average 71% of the Debtor's alleged values for the same parcels. Applying this average to the parcels that were not appraised, American National arrives at the following values for the un-appraised parcels:

| Asset | Plan Value | 2012 Value |
|---|---|---|
| 4706 Crossbend | $ 24,600.00 | $ 17,459.05 |
| 3544 Rear Vernon | $ 6,000.00 | $ 4,258.30 |
| 4696 Rear Crossbend | $ 3,000.00 | $ 2,129.15 |
| 4696 Rear Crossbend | $ 3,000.00 | $ 2,129.15 |
| 4700 Rear Crossbend | $ 3,000.00 | $ 2,129.15 |

10. Further, in 2008, all of the Real Property was appraised to have a value of $475,000.00, little more than the amount the Debtors contend is the current value of the Real Property. Given economic conditions of the last four years, it is highly unlikely that these properties have maintained nearly full value.

11. The total value of the Real Property is no more than $312,104.81. Given interest and fees incurred since the Petition Date and the costs of sale, there is no equity in the Real Property.

12. The interests of American National in the Real Property are not being adequately protected by the Debtors by payments or otherwise in that, unless American National is permitted to exercise its remedies provided by state law with respect to the Real Property, American National may suffer irreparable harm and damage. Accordingly, American National requests that the automatic stay of the Bankruptcy Code be modified with respect to the Real Property, so that it can exercise its remedies as provided by state law.

13.    American National seeks the entry of an order providing that the automatic stay does not limit the exercise of remedies as provided by State law with respect to the Real Property.

14.    Alternatively, American National requests that the Debtors be ordered to make adequate protection payments to American National on a monthly basis in an amount equal to the pre-petition Note payment of $2,385.00 per month.

15.    American National requests that any order granting this motion not be stayed for fourteen days after the entry of the order in accordance with Rule 4001(a)(3).

WHEREFORE, American National Bank and Trust Company respectfully requests that that automatic stay be terminated with respect to the Real Property as requested herein, and that the Court grant such other and further relief as to the Court may seem just and proper.

This 2nd day of August, 2012.

<div style="margin-left:40%">

*s/ Martha R. Sacrinty*
Martha R. Sacrinty
N.C. State Bar No. 32911
msacrinty@tuggleduggins.com
*Attorney for American National Bank*
*    and Trust Company*

</div>

OF COUNSEL:
TUGGLE DUGGINS & MESCHAN, P.A.
Post Office Box 2888
Greensboro, North Carolina  27402
Telephone:  336.378.1431
Facsimile:  336.274.6590

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing American National Bank and Trust Company's Motion for Relief From Stay and Alternative Motion for Adequate Protection has been served through the Court's CM/ECF system or by forwarding copies thereof by first-class mail, postage prepaid, addressed as follows:

> Michael D. West
> Office of Bankruptcy Administrator
> Post Office Box 1828
> Greensboro, NC 27402
>
> Dirk W. Siegmund
> Justin W. Kay
> Ivey McClellan Gatton & Talcott, LLP
> Post Office Box 3324
> Greensboro, NC 27410
>
> Wayne L. Stutts
> Joyce A. Stutts
> 3703 Friendly Acres Drive
> Greensboro, NC 27410

This 2nd day of August, 2012.

> *s/ Martha R. Sacrinty*
> Martha R. Sacrinty

**EXHIBIT**

_A_

tabbies

SOSID: 0822353
Date Filed: 6/30/2011 8:54:00 AM
Effective: 7/1/2011
Elaine F. Marshall
North Carolina Secretary of State
C201118100009

## ARTICLES OF MERGER

### OF

## MIDCAROLINA BANK

### INTO

## AMERICAN NATIONAL BANK AND TRUST COMPANY

Pursuant to North Carolina General Statute Sections 53-13, 53-16 and 55-11-05(a), the undersigned entity hereby submits the following Articles of Merger as the surviving business entity in a merger between two or more business entities.

1.     The name of the surviving business entity is **AMERICAN NATIONAL BANK AND TRUST COMPANY**, a national banking association organized under the laws of the United States of America.

2.     The street and mailing address of the surviving foreign entity is 628 Main Street, Danville, Virginia 24541. The surviving foreign business entity will file a statement of any subsequent change in its mailing address with the North Carolina Secretary of State.

3.     The name of the merging entity is **MIDCAROLINA BANK**, a bank organized under the laws of North Carolina.

4.     The street and mailing address of the merging entity is 3101 South Church Street, Burlington, Alamance County, North Carolina 27216.

5.     A Plan of Merger in the form of the Agreement to Merge attached as Addendum A to these Articles has been duly approved in the manner required by law by each of the business entities participating in the merger.

6.     These Articles of Merger shall be effective as of 12:03 a.m. on the 1st day of July, 2011.

**[Signatures Appear on the Following Page.]**

IN WITNESS WHEREOF, these Articles of Merger are signed as of the 30th day of June, 2011.

AMERICAN NATIONAL BANK AND TRUST COMPANY

By: _____
Charles H. Majors
Chief Executive Officer

Prepared by and return to:

William R. Lathan, Jr.
For the firm of
Ward and Smith, P.A.
Suite 2400
Two Hannover Square
Fayetteville Street Mall
Raleigh, NC  27601
Telephone:  (919) 836-4260
Facsimile:  (919) 836-4277

ADDENDUM A

Agreement to Merge
between
**American National Bank and Trust Company**
and
**MidCarolina Bank**
under the charter of
**American National Bank and Trust Company**
under the title of
**American National Bank and Trust Company**

     This agreement is made between American National Bank and Trust Company (hereinafter referred to as "American National"), a banking association organized under the laws of the United States, being located at 628 Main Street, City of Danville, in the Commonwealth of Virginia, with a capital of $3.0 million, divided into 300,000 shares of common stock, each of $10.00 par value, surplus of $45.0 million, undivided profits, including capital reserves, of $70.6 million, and accumulated other comprehensive gain of $464 thousand as of March 31, 2011, and MidCarolina Bank (hereinafter referred to as "MidCarolina"), a banking corporation organized under the laws of the State of North Carolina, being located at 3103 South Church Street, City of Burlington, in the State of North Carolina, with a capital of $20.5 million, divided into 4,094,060 shares of common stock, each of $5.00 par value, surplus of $11.7 million, undivided profits, including capital reserves, of $17.6 million, and accumulated other comprehensive loss of $1.1 million as of March 31, 2011, each acting pursuant to a resolution of its Board of Directors, adopted by the unanimous vote of its directors, in the case of American National, pursuant to the authority given by and in accordance with the provisions of the Act of November 7, 1918, as amended (12 USC 215a) and in the case of MidCarolina, pursuant to Sections 53-16 and 55-11-01, et seq. of the North Carolina General Statutes, witnessed as follows:

## Section 1

     Subject to (i) the consummation of the merger of MidCarolina Financial Corporation, a North Carolina corporation and the holding company of MidCarolina, with and into ANB Merger Subsidiary, Inc., a Virginia corporation, in accordance with the provisions contained in that certain Agreement and Plan of Reorganization, dated as of December 15, 2010, between American National's holding company, American National Bankshares Inc., and MidCarolina Financial Corporation, and the related Plan of Merger (together, the "HC Merger Agreement"), and (ii) the receipt of all applicable regulatory approvals relating to the merger, MidCarolina shall be merged into American National under the charter of the latter.

## Section 2

     The name of the receiving association (hereinafter referred to as the "Association") shall be American National Bank and Trust Company.

### Section 3

The business of the Association shall be that of a national banking association. This business shall be conducted by the Association at its main office to be located at 628 Main Street, Danville, Virginia, and at its legally established branches.

### Section 4

The amount of capital stock of the Association shall be $3.0 million, divided into 300,000 shares of common stock, each of $10.00 par value, and at the time the merger shall become effective, the Association combined with the capital of MidCarolina shall have a surplus of approximately $95.1 million, undivided profits, including capital reserves, of $70.6 million and accumulated other comprehensive loss of $616 thousand, adjusted however, for normal earnings and expenses between March 31, 2011 and the effective time of the merger.

### Section 5

All assets of MidCarolina as they exist at the effective time of the merger shall pass to and vest in the Association without any conveyance or other transfer. The Association shall be responsible for all of the liabilities of every kind and description, including liabilities arising from the operation of a trust department, of each of the merging banks existing as of the effective time of the merger.

### Section 6

The capital stock of the Association shall consist of the presently outstanding 300,000 shares of common stock of American National, each of $10.00 par value, and each outstanding share of the common stock of MidCarolina (no par value) shall be cancelled and retired with no consideration to be issued or paid in exchange.

### Section 7

American National and MidCarolina may declare and pay such dividends to their respective stockholders between the date of the agreement and the time at which the merger shall become effective, as their respective Boards of Directors may determine in accordance with past custom and practice, subject to the provisions contained in the HC Merger Agreement. Neither bank shall dispose of any of its assets in any other manner, except in the normal course of business and for adequate value and subject to the provisions contained in the HC Merger Agreement.

## Section 8

The following named persons shall serve as the Board of Directors of the Association until the next annual meeting of its shareholders or until such time as their successors have been elected and qualified:

| | | |
|---|---|---|
| Fred A. Blair | Frank C. Crist, Jr. | Ben J. Davenport, Jr. |
| Jeffrey V. Haley | Michael P. Haley | Charles S. Harris |
| Lester A. Hudson, Jr. | F. D. Hornaday III | John H. Love |
| Franklin W. Maddux | Charles H. Majors | Martha W. Medley |
| Claude B. Owen, Jr. | Dan M. Pleasant | Robert A. Ward |

## Section 9

The Articles of Association and Bylaws of American National in effect immediately prior to the consummation of the merger shall continue to remain in effect following the merger until otherwise amended.

## Section 10

This agreement may be terminated by mutual agreement of the parties hereto, and it shall terminate automatically, without any action by the parties hereto, upon termination of the HC Merger Agreement in accordance with its terms.

## Section 11

This agreement has been authorized and approved by American National Bankshares Inc. as the sole stockholder of American National, and by MidCarolina Financial Corporation as the sole stockholder of MidCarolina, and the merger shall become effective as of 12:03 a.m., Eastern Standard Time, on July 1, 2011, and the parties hereto request that such time and date be specified in the merger approval to be issued by the Comptroller of the Currency of the United States.

[Signatures on next page]

3

WITNESS, the signatures and seals of the merging banks this 24th day of June, 2011, each set by its president or a vice president and attested to by its cashier or secretary, pursuant to a resolution of its Board of Directors, acting by a majority.

Attest:

**AMERICAN NATIONAL BANK AND TRUST COMPANY**

By: _____
       Charles H. Majors
       Chief Executive Officer

William W. Traynham

Attest:

**MIDCAROLINA BANK**

By: _____
       Charles T. Canaday, Jr.
       President and Chief Executive Officer

Christopher B. Redcay

4

STATE OF _Virginia_ )
COUNTY OF _Danville, city_ )ss:

On this _24th_ day of _June_, 2011, before me, a notary public for this state and county, personally came Charles H. Majors, as Chief Executive Officer, and William W. Traynham, as Cashier, of American National Bank and Trust Company, and each in his capacity acknowledged this instrument to be the act and deed of American National Bank and Trust Company.

WITNESS my official seal and signature this day and year.

(Seal of Notary)

KATHLEEN C. FOWLER
Notary Public
Commonwealth of Virginia
Reg. #305494
My Commission Expires 12-31-13

_Kathleen C. Fowler_
Notary Public, _Danville_ _City_ County
My commission expires _12/31/13_

STATE OF _Virginia_ )
COUNTY OF _Danville, City_ )ss:

On this _24th_ day of _June_, 2011, before me, a notary public for this state and county, personally came, as Charles T. Canaday, Jr., as President and Chief Executive Officer, and Christopher B. Redcay, as Secretary, of MidCarolina Bank, and each in his capacity acknowledged this instrument to be the act and deed of MidCarolina Bank.

WITNESS my official seal and signature this day and year.

(Seal of Notary)

KATHLEEN C. FOWLER
Notary Public
Commonwealth of Virginia
Reg. #305494
My Commission Expires 12/31/13

_Kathleen C. Fowler_
Notary Public, _Danville,_ _City_ County.
My commission expires _12/31/13_

5



OFFICE OF THE COMMISSIONER OF BANKS

### CERTIFICATE OF AUTHORITY

American National Bank and Trust Company, a national banking association organized and existing under the laws United States of America, located in Danville, Virginia, and MidCarolina Bank, a bank organized and existing under the laws of the State of North Carolina, located in Burlington, Alamance County, North Carolina, have submitted to me as Commissioner of Banks for the State of North Carolina, Articles of Merger between American National Bank and Trust Company, and MidCarolina Bank for the purpose of merging MidCarolina Bank into American National Bank and Trust Company, with the surviving entity being American National Bank and Trust Company.

Authority to file the Certificate of Authority, is therefore, granted, the said application to be effective on the date and at the time specified therein.

This the 30th day of June, 2011.

Joseph A. Smith, Jr.
Commissioner of Banks

**EXHIBIT**

tabbies

13

| | | |
|---|---|---|
| WAYNE L. STUTTS; JOYCE A. STUTTS<br>3703 FRIENDLY ACRES DR<br>GREENSBORO, NC 27410 | MIDCAROLINA BANK<br>P.O. BOX 889<br>BURLINGTON, NC 27216 | Loan Number: 4065003404<br>Date 08-08-2008<br>Maturity Date 08-10-2013<br>Loan Amount $ 308,000.00<br>Renewal Of $ |
| **BORROWER'S NAME AND ADDRESS**<br>"I" includes each borrower above, jointly and severally. | **LENDER'S NAME AND ADDRESS**<br>"You" means the lender, its successors and assigns. | |

For value received, I promise to pay to you, or your order, at your address listed above the PRINCIPAL sum of THREE HUNDRED SIX THOUSAND AND NO/100

_____ Dollars $ 306,000.00

[X] **Single Advance:** I will receive all of this principal sum on 08-08-2008 _____. No additional advances are contemplated under this note.

[ ] **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On
_____ I will receive the amount of $ _____ and future principal advances are contemplated.

Conditions: The conditions for future advances are _____
_____

[ ] **Open End Credit:** You and I agree that I may borrow up to the maximum amount of principal more than one time. This feature is subject to
all other conditions and expires on _____

[ ] **Closed End Credit:** You and I agree that I may borrow up to the maximum only one time (and subject to all other conditions).

**INTEREST:** I agree to pay interest on the outstanding principal balance from 08-08-2008 at the rate of 6.600 %
per year until 08-10-2013 .

[ ] **Variable Rate:** This rate may then change as stated below.

[ ] **Index Rate:** The future rate will be _____ the following index rate: _____
_____

[ ] **No Index:** The future rate will not be subject to any internal or external index. It will be entirely in your control.

[ ] **Frequency and Timing:** The rate on this note may change as often as _____
A change in the interest rate will take effect _____

[ ] **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than _____ % or less than
_____ %. The rate may not change more than _____ % each _____

**Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:

[ ] The amount of each scheduled payment will change.    [ ] The amount of the final payment will change.

[ ] _____

**ACCRUAL METHOD:** Interest will be calculated on a ACTUAL/360 basis.

**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:

[X] on the same fixed or variable rate basis in effect before maturity (as indicated above).

[ ] at a rate equal to _____

[X] **LATE CHARGE:** If a payment is made more than 15 days after it is due, I agree to pay a late charge of 4.000% OF THE LATE AMOUNT

[X] **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which [ ] are [X] are not included in the principal amount
above: LOAN FEE OF $3,080.00, 3 FLOODS $64.00

**PAYMENTS:** I agree to pay this note as follows:
59 MONTHLY PAYMENTS OF $2,395.00 BEGINNING 09-10-2008 AND 1 BALLOON PAYMENT OF $268,843.72 ON 08-10-2013.

**ADDITIONAL TERMS:**



| | |
|---|---|
| [X] **SECURITY:** This note is separately secured by (describe separate<br>document by type and date): DEED OF TRUST DATED 8/8/08 IN THE NAME OF<br>WAYNE L STUTTS & JOYCE A STUTTS IN THE AMOUNT OF $308,000.00<br><br>[This section is for your internal use. Failure to list a separate security document does not mean the<br>agreement will not secure this note.] | **PURPOSE:** The purpose of this loan is REFINANCE WACHOVIA DEBT ON 3<br>HOUSES & 7 LOTS<br>**SIGNATURES:** I AGREE TO THE TERMS OF THIS NOTE INCLUDING<br>THOSE ON PAGE 2 AND EXECUTE THIS NOTE UNDER SEAL. I have<br>received a copy on today's date. |

Signature for Lender

_Wayne L Stutts_ (Seal)
WAYNE L STUTTS

_Lee Burris_
LEE BURRIS, VICE PRESIDENT

_Joyce A. Stutts_ (Seal)
JOYCE A. STUTTS

_____ (Seal)

_____ (Seal)

UNIVERSAL NOTE
Experts © 1984, 1991 Bankers Systems, Inc., St. Cloud, MN Form UN-NC 3/7/2002                    (page 1 of 2)

## Regulation B Notice of Intent to Apply for Joint Credit

| Lender | Applicant | |
|---|---|---|
| MIDCAROLINA BANK | WAYNE L. STUTTS | Date  07-24-2008 |
| P.O. BOX 988 | JOYCE A. STUTTS | Account |
| BURLINGTON, NC 27216 | 3703 FRIENDLY ACRES DR | Number  4086003404 |
| | GREENSBORO, NC 27410 | |

### Notice

We intend to apply for joint credit.

### Acknowledgment

By signing below, we acknowledge the intention to apply for joint credit on today's date.

X _____
WAYNE L. STUTTS

X _____
JOYCE A. STUTTS

X _____

X _____

## BUSINESS PURPOSE STATEMENT

| Borrower's Name & Address | Lender's Name & Address |
|---|---|
| WAYNE L. STUTTS; JOYCE A. STUTTS<br>3703 FRIENDLY ACRES DR<br>GREENSBORO, NC  27410 | MIDCAROLINA BANK<br>P.O. BOX 868<br>BURLINGTON, NC  27216 |

I, WAYNE L. STUTTS; JOYCE A. STUTTS _____ as (or on behalf of) Borrower, state as follows:

1. The proceeds of the loan or other extension of credit, evidenced by  PROMISSORY NOTE DATED 8/8/08 IN THE NAME OF

   WAYNE L STUTTS & JOYCE A STUTTS IN THE AMOUNT OF $308,000.00 _____ (identify document), will be used in the following

   type of business: REAL ESTATE _____ .

2. The proceeds of the loan and/or other extensions of credit will be used primarily for agricultural, commercial,

   investment, or business purposes, the exact nature which is as follows:  REFINANCE INVESTMENT PROPERTY

3. The proceeds of the loan shall not be used for or applied to the purchase of or maintenance of real estate occupied by Borrower as Borrower's residence without Lender's prior written consent.

4. Borrower is exercising and will continue to exercise actual control over the managerial decisions of the business concerning the use of funds and/or credit to be derived from the loan agreements between the Lender and the business.

5. The loan is not secured by an assignment of wages, salaries or compensation for the services of Borrower nor by the household furniture or other goods of Borrower used for personal, family or household purposes.

6. All statements made herein are true, correct and accurate.

### NOTICE

ANY PERSON KNOWINGLY MAKING A FALSE STATEMENT ON ANY APPLICATION FOR A LOAN MAY BE SUBJECT TO A FINE AND IMPRISONMENT UNDER THE PROVISIONS OF 18 U.S.C.A. SECTIONS 1014 & 1344 AND APPLICABLE STATE LAW.

Dated: 8-4-08 _____          Signed: _____
                                                WAYNE L. STUTTS; JOYCE A. STUTTS

©1995 Bankers Systems, Inc., St. Cloud, MN  Form BPS  7/10/95

| MIDCAROLINA BANK<br>P.O. BOX 968<br>BURLINGTON, NC 27216<br><br>LENDER'S NAME AND ADDRESS | WAYNE L. STUTTS<br>JOYCE A. STUTTS<br>3703 FRIENDLY ACRES DR<br>GREENSBORO, NC 27410<br><br>BORROWER'S NAME AND ADDRESS | Loan Number ___4086003404___<br>Date ___08-06-2006___<br>Loan Amount $ _306,000.00_ |
|---|---|---|

## ERRORS AND OMISSIONS AGREEMENT

The undersigned borrower(s), in consideration of the closing of a certain loan by  MIDCAROLINA BANK _____

_____ the "Lender" to  WAYNE L. STUTTS; JOYCE A. STUTTS _____

_____ "Borrower(s)" in the above stated

amount, as evidenced by a promissory note and secured by a Deed of Trust or mortgage against real property located at   1423 E WASHINGTON

 ST, 1312 MAYFAIR AVE, 1310 MAYFAIR AVE ALONG WITH SEVERAL LAND LOTS (SEE ATTACHED), GREENSBORO, NC 27405

and dated the date of this Errors and Omissions Agreement, agree(s), if requested by the "Lender" or its agent, to fully cooperate in the correction, if necessary in the reasonable discretion of the "Lender" of any and all loan closing documents so that all documents accurately describe the loan between the undersigned borrower(s) and the "Lender" and thus allow the "Lender" to sell, convey, seek a guaranty or obtain insurance for, or market said loan to any purchaser, including but not limited to any investor or institution, The Federal National Mortgage Association, the Government National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Department of Housing and Urban Development, the Department of Veterans Affairs, or Municipal Bonding Authority.

The undersigned borrower(s) further agree(s) to comply with all above noted reasonable requests by the "Lender" within thirty (30) days from the date of the mailing of the correction requests by the "Lender". The undersigned borrower(s) agree(s) to assume all costs including by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to reasonably comply with the "Lender" requests within the specified thirty (30) days.

DATED this  6TH _____ day of  AUGUST, 2006 _____

_____
(Borrower)  WAYNE L. STUTTS

_____
(Borrower)  JOYCE A. STUTTS

_____
(Borrower)

_____
(Borrower)

*(page 1 of 1)*

Bankers Systems, Inc., St. Cloud, MN (1-800-397-2341) Form EROM 4/7/94

| | | |
|---|---|---|
| WAYNE L. STUTTS; JOYCE A. STUTTS<br>3700 FRIENDLY ACRES DR<br>GREENSBORO, NC 27410<br><br>BORROWER'S NAME AND ADDRESS<br>"I" includes each borrower above, jointly and severally. | MIDCAROLINA BANK<br>P.O. BOX 988<br>BURLINGTON, NC 27216<br><br>LENDER'S NAME AND ADDRESS<br>"You" means the lender, its successors and assigns. | Line of Credit No. 4086003404<br>Date 08-10-2009<br>Max. Credit Amt. 306,000.00<br>Loan Ref. No. 4086003404 |

You have extended to me a line of credit in the
AMOUNT of ___THREE HUNDRED SIX THOUSAND AND NO/100___                                                    $ 306,000.00

You will make loans to me from time to time until _____ 5:00 ___ P.m. on _08-10-2013_____ . Although the line of credit expires on that date, I will remain obligated to perform all my duties under this agreement so long as I owe you any money advanced according to the terms of this agreement, as evidenced by any note or notes I have signed promising to repay these amounts.
    This line of credit is an agreement between you and me. It is not intended that any third party receive any benefit from this agreement, whether by direct payment, reliance for future payment or in any other manner. This agreement is not a letter of credit.

**1. AMOUNT:** This line of credit is:

[X] OBLIGATORY: You may not refuse to make a loan to me under this line of credit unless one of the following occurs:
    a. I have borrowed the maximum amount available to me;
    b. This line of credit has expired;
    c. I have defaulted on the note (or notes) which show my indebtedness under this line of credit;
    d. I have violated any term of this line of credit or any note or other agreement entered into in connection with this line of credit;

    e. _____

[ ] DISCRETIONARY: You may refuse to make a loan to me under this line of credit once the aggregate outstanding advances equal or exceed
    $ _____

Subject to the obligatory or discretionary limitations above, this line of credit is:
    [ ] OPEN-END (Business or Agricultural only): I may borrow up to the maximum amount of principal more than one time.
    [X] CLOSED-END: I may borrow up to the maximum only one time.

**2. PROMISSORY NOTE:** I will repay any advances made according to this line of credit agreement as set out in the promissory note, I signed on _8-6-08_____ , or any note(s) I sign at a later time which represent advances under this agreement. The note(s) set(s) out the terms relating to maturity, interest rate, repayment and advances. If indicated on the promissory note, the advances will be made as follows:
_Original note is being modified to a multiple advanced closed end note with a one time_
_advance of $8,000.00 on September 10, 2009 line of credit_
_____

**3. RELATED DOCUMENTS:** I have signed the following documents in connection with this line of credit and note(s) entered into in accordance with this line of credit:

| | |
|---|---|
| [ ] security agreement dated _____ | [X] DEED OF TRUST DATED 8/8/08 |
| [ ] mortgage dated _____ | [ ] _____ |
| [ ] guaranty dated _____ | [ ] _____ |

**4. REMEDIES:** If I am in default on the note(s) you may:
    a. take any action as provided in the related documents;
    b. without notice to me, terminate this line of credit.
    By selecting any of these remedies you do not give up your right to later use any other remedy. By deciding not to use any remedy should I default, you do not waive your right to later consider the event a default, if it happens again.

**5. COSTS AND FEES:** If you hire an attorney to enforce this agreement I will pay your reasonable attorney's fees, where permitted by law. I will also pay your court costs and costs of collection, where permitted by law.

**6. COVENANTS:** For as long as this line of credit is in effect or I owe you money for advances made in accordance with the line of credit, I will do the following:
    a. maintain books and records of my operations relating to the need for this line of credit;
    b. permit you or any of your representatives to inspect and/or copy these records;
    c. provide to you any documentation requested by you which support the reason for making any advance under this line of credit;
    d. permit you to make any advance payable to the seller (or seller and me) of any items being purchased with that advance;

    e. _____

**7. NOTICES:** All notices or other correspondence with me should be sent to my address stated above. The notice or correspondence shall be effective when deposited in the mail, first class, or delivered to me in person.

**8. MISCELLANEOUS:** This line of credit may not be changed except by a written agreement signed by you and me. The law of the state in which you are located will govern this agreement. Any term of this agreement which is contrary to applicable law will not be effective, unless the law permits you and me to agree to such a variation.

FOR THE LENDER

_____

LEE BURRIS
Title VICE PRESIDENT

SIGNATURES: I AGREE TO THE TERMS OF THIS LINE OF CREDIT. I HAVE RECEIVED A COPY ON TODAY'S DATE.

_Wayne L. Stutts_
WAYNE L. STUTTS

_Joyce A. Stutts_
JOYCE A. STUTTS

©1985 BANKERS SYSTEMS, INC., ST. CLOUD, MN 56301 (1-800-397-2341) FORM LCA 5/2/91

(page 1 of 1)

Additional Collateral for Promissory Note Dated 8/6/2008 for Wayne L
Stutts & Joyce A Stutts in the amount of $306,000.00

1. House & lot located at 1423 Washington St, Greensboro NC
2. House & lot located at 1312 Mayfair Ave, Greensboro NC
3. House & lot located at 1310 Mayfair Ave, Greensboro NC
4. Residential lot at 3544 Vernon Dr, Mcleansville NC
5. Residential lot at 4696 Crossbend Rd, Mcleansville NC
6. Residential lot at 4694 Crossbend Rd, Mcleansville NC
7. Residential lot at 4710 Crossbend Rd, Mcleansville NC
8. Residential lot at 4706 Crossbend Rd, Mcleansville NC
9. Residential lot at 4700 Crossbend Rd, Mcleansville NC
10. Residential lot at 4702 Crossbend Rd, Mcleansville NC

_____
Wayne L Stutts

_____
Joyce A Stutts

4065003404

## MODIFICATION AGREEMENT

STATE OF NORTH CAROLINA

COUNTY OF GUILFORD

This Modification Agreement is made of this 10 day of SEPTEMBER, 2009, between MidCarolina Bank, a banking corporation organized under the laws of the State of North Carolina (hereinafter "Bank"), WAYNE L STUTTS & JOYCE A STUTTS (the "Borrower", whether one or more in number), and, if a Deed of Trust is modified, _____ of _____ County, North Carolina (the "Trustee").

WITNESSETH:

Whereas, the borrower has made and issued its promissory note dated the 6 day of AUGUST, 2008, evidencing an original indebtedness of THREE HUNDRED SIX THOUSAND Dollars ($306,000.00) (the "Note") and the Note is
- ☐ Unsecured
- ☐ Secured as described in Security Agreement(s) dated _____ ("Security Agreement")
- X Secured by a Deed of Trust dated AUGUST 6, 2008 recorded in Book 6923 Page 1085, GUILFORDCounty Registry ("Deed of Trust").

The Note, Security Agreement and/or Deed of Trust are hereinafter collectively referred to as the "Contract" and the Contract is hereby incorporated herein as a part of this Modification Agreement.

AND, WHEREAS, Bank (as holder and owner of the Note, Secured Party under the Security Agreement(s) and the Beneficiary under the Deed of Trust) and the Borrower mutually desire to modify the provisions of the Contract in the manner hereinafter set out, it being specifically understood that, except as herein modified, the terms and provisions of the Contract, and the individual instruments thereof, shall remain unchanged and continue in full force as therein written;

NOW, THEREFORE, the Bank, the Borrower, and the Trustee, if applicable, in consideration of the premises and the sum of One Dollar ($1.00) to each in hand paid by the other, receipt of which is hereby acknowledged by each, do hereby agree that the Contract shall be, and the same hereby is, amended to provide as follows:

- ☐ The maturity date of the Note is changed to _____. In addition, the stated maturity date in any Deed of Trust and/or Security Agreement is changed to the date stated herein.

- ☐ Interest Rate is changed from ___ percent to ___ percent effective _____.

N/A CHANGE IN PRINCIPAL PAYMENT TERMS (one of the following must be selected. Payment terms not checked are deleted.) Principal balance (and interest if indicated under Interest Payment Terms below) shall be changed to be payable as follows:

- ☐ Payable on demand, or on _____, 200__ if demand is not sooner made (the time of payment herein referred to as "Maturity").

- ☐ Payable in one single payment on _____, 200__ (herein referred to a "Maturity").

- ☐ Payable in ____equal consecutive _____ payments of $_____each, commencing on _____, 200__ and, on the same day of each such calendar period thereafter and one final payment of the entire balance due on _____, 200__ (herein referred to a "Maturity").

- ☐ Other_____

N/A CHANGE IN INTEREST PAYMENT TERMS (One of the following must be selected. Payment terms not checked are deleted). Interest shall be changed to be payable as follows:

- ☐ Payable _____ beginning _____, 200__ and consecutively on the same calendar day of each such calendar period thereafter.

- ☐ The payment amount selected above under "PRINCIPAL PAYMENT TERMS" included interest.

- ☐ Change of collateral. The following collateral described in the Deed of Trust, Security Agreement dated _____ shall be released therefrom by appropriate release instrument to be executed by the parties hereto (this statement does NOT of itself constitute a release of such collateral): _____

☐ The following collateral shall be taken in substitution for the above described collateral being released (or in addition to the original collateral if none is released):_____

The appropriate parties shall execute a new Deed of Trust and/or Security Agreement giving the Bank a lien/security interest in such collateral.  (NOTE:  A new Deed of Trust and/or Security Agreement and financing statements, if applicable must be executed in addition to this Modification Agreement).

Other:  ORIGINAL NOTE IS BEING MODIFIED TO A "MULTIPLE ADVANCE CLOSED END NOTE" WITH A ONE TIME ADVANCE OF $8,000.00 ON SEPTEMBER 10, 2009. LINE OF CREDIT AGREEMENT DATED 9/10/09.

IT IS MUTUALLY AGREED between and among the parties hereto that nothing herein contained shall in any way impair the security now held for the indebtedness evidenced by the Contract, nor waive, annul, vary or affect any provision, condition, covenant or agreement contained in the Contract, except as herein amended, nor affect or impair any rights, powers or remedies under the Contract.  This Modification Agreement does not extend the expiration date(s) or enlarge the term(s) of any property, physical damage, credit and/or any other insurance written in connection with and/or financed by said Contract.  Except as herein and hereby expressly modified, said Contract contains the entire agreement of the parties and the undersigned do hereby ratify and confirm the terms of said Contract, all of which shall remain in full force and effect, as modified herein.

FURTHERMORE, Bank does hereby reserve all rights and remedies it may have against all parties secondarily liable for repayment of the indebtedness evidenced by the Note.  Borrower hereby expressly waives, to the full extent it may lawfully do so, any rights which it may now or at anytime hereafter have by virtue of North Carolina General Statute § 26-7 and 45-45.1.

If applicable, the Trustee joins in the execution of this Modification Agreement as evidence of his knowledge of the provisions hereof.  This Modification Agreement shall be binding upon any assignee or successor in interest of the parties hereto.

IN WITNESS WHEREOF, this Modification Agreement is executed (I) if by individuals, by hereunto setting their hands under seal by adoption of the word "SEAL" appearing next to the individuals' names, (II)  if by a corporation, by the duly authorized officers of the corporation on its behalf under seal by adoption of the facsimile seal printed hereon for such purpose or, if an impression seal appears hereon, by affixing such impression seal, or (III) if by partnership, by the duly authorized partners of the partnership on its behalf under seal by adoption of the word "SEAL" appearing next to the name of the partnership and/or the signatures of the partners, as of the day and year first above written.

[CORPORATE SEAL]                              MidCarolina Bank

Attest:

_____    By: _____ (SEAL)
Assistant Secretary                                         Vice President

                                                                    BORROWER

                                              _____ (SEAL)
                                              WAYNE L. STUTTS

                                              _____ (SEAL)
                                              JOYCE A. STUTTS